UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: } | |
| } | |
| Gweneth Douglass Powers, } | Case No. 15-03267-JJR13 |
| } | |
| Debtor. } | |

## OPINION AND ORDER

This chapter 13 case came before the court on September 26, 2018 for a hearing on the following motions (the "Motions") filed by the debtor, Gweneth D. Powers ("Gweneth"), and her husband, Anthony D. Powers ("Anthony" and together with Gweneth, the "Powers"), both appearing pro se:

- Doc. 372: Motion to Alter or Amend Judgment of August 28, 2018 Pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure;

- Doc. 376: Supplement to Motion to Alter or Amend Judgment of August 28, 2018 Pursuant to Rule 9023 of Federal Rules of Bankruptcy Procedure;

- Doc. 379: Motion to Stay Pending Appeal Pursuant to Rule 8007(a) Federal Rules of Bankruptcy Procedure; and

- Doc. 389: Motion for Order Declaring Mortgage Lien Invalid.

Bradford W. Caraway, standing chapter 13 trustee, also attended the hearing. After considering the Motions and other relevant pleadings and orders, including the entire electronic docket in this and the other cases filed by each of the Powers, their arguments, and the relevant statutory and case law, and for the reasons that follow and those stated on the record, the court will DENY each of the Motions.[1]

---

[1]As discussed *infra*, the Motion for Order Declaring Mortgage Lien Invalid (Doc. 379 and herein, the "Mortgage Motion") was advocated by the Powers as additional support for their

A.  Background.

On August 28, 2018 the court entered an Opinion and Order (Doc 371 and herein, the "§ 1301 Order") granting the Motion for Relief from Co-Debtor Stay (Doc. 319 and herein, the "Chadwell Motion") filed by Chadwell Homes of Alabama, LLC ("Chadwell). The § 1301 Order terminated the stay imposed under § 1301(a) of the Bankruptcy Code[2] with respect to Anthony's obligations as a co-mortgagor for a $129,900 purchase-money mortgage (the "mortgage")[3] he and Gweneth made on October 2, 2009 in favor of Chadwell.[4] The mortgage encumbered the Powers' home located at 1918 Outwood Road, Fultondale, Alabama 35068 (the "mortgaged property"). The automatic stay imposed by Code § 362(a) with respect to Gweneth's interest in the mortgaged property was terminated over two years ago (Doc. 178), and the order terminating the 362(a) stay was affirmed by the district court on appeal (Doc. 326). The Powers have lived in the mortgaged property for over nine years without making any payment to Chadwell on the mortgage, except for a trifling $400 paid several years ago.

Consistent with the Powers' history of non-payment, Gweneth's confirmed plan in this case provided for absolutely no payment to Chadwell. Code § 1301(c) mandates that "the court

---

other two Motions, but also as a stand-alone contested matter challenging the validity of the Chadwell mortgage (defined *infra*). To the extent the Mortgage Motion seeks the same relief as the other two Motions, it is being denied, and to the extent it is intended as a contested matter, the court will abstain.

The court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama.

[2] 11 U.S.C. § 101, *et seq.*, and herein the "Code." References to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

[3] According to the deed that conveyed the mortgaged property to the Powers, the $129,900 mortgage was for the entire purchase price—there was no down payment. (Doc. 389, Exhibit C.)

[4] The mortgage's principal accrues interest at 7.85% per annum and has now matured.

*shall* grant relief from the [co-debtor stay] with respect to a creditor, to the extent that . . . the plan filed by the debtor proposes not to pay such claim." (emphasis added). Thus, as required by Code § 1301(c)(2), the court entered the § 1301 Order and granted the Chadwell Motion.

The Powers vehemently objected to the Chadwell Motion on a variety of peripheral grounds but ignored the undisputed and determinative fact that Gweneth's confirmed plan does not provide for payment of Chadwell's mortgage. There should be nothing more to say about this simple statute-controlled matter. Nonetheless, pursuant to their most recent Motions, the Powers now ask the court to alter or amend the § 1301 Order, or grant a stay pending their appeal to the district court.

B. Motion to Alter or Amend (Doc. 372) and Supplement (Doc. 376).

The Motion to Alter or Amend was timely under Rule 9023, which incorporates Rule 59(e) of the Fed. R. Civ. P. and requires that such a motion be filed "no later than 14 days after entry of judgment." Notably, on September 5, 2018, before the September 26th hearing on the Powers' latest Motions, they also filed a notice of appeal from the § 1301 Order. Under Rule 8002(b)(2), this bankruptcy court retains jurisdiction to rule on the Motion to Alter or Amend notwithstanding the subsequent notice of appeal. The notice of appeal will become effective upon the entry of this Order disposing of the Powers' Motion to Alter or Amend.

"Only three grounds are available to support [a Rule 9023] motion: (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence. A motion for reconsideration is not a vehicle to re-argue issues resolved by the court's decision or to make additional argument on matters not previously raised by counsel." *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018) (quoting *In re Inv'rs Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994) (citations omitted)). The Powers satisfied none of these grounds. The single

determinative fact was undisputed—Chadwell's mortgage was not provided for in Gweneth's chapter 13 plan. The controlling law is a clear and unequivocal statutory directive—the court must lift the § 1301 stay when the claim at issue is not provided for in the debtor's plan. Finally, there is no newly discovered evidence. The extraneous deed the Powers now ask the court to consider for the first time is not relevant, proves nothing, and is not considered new evidence because it was readily available to the Powers since its recording in 2004.[5] The court can find no grounds to alter or amend the § 1301 Order, which simply complied with the statutory mandate of Code § 1301(c)(2). The only injustice being suffered is by Chadwell due to the Powers' continued bad-faith manipulation of the bankruptcy process.

Other than the superfluous deed, the Powers' Motion to Alter or Amend, including the Supplement and their arguments presented at the September 26th hearing, assert only recycled grounds previously advocated in response to the Chadwell Motion; there is nothing new. Those grounds were considered and rejected by the court in the § 1301 Order. Accordingly, the Motion to Alter or Amend, as supplemented (Docs. 372, 376), is due to be DENIED.

---

[5] "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) and affirming that documents that were available but not disclosed at the time of the initial hearing were not "newly discovered" when presented to the court for the first time in conjunction with a motion to alter or amend). "Newly discovered evidence refers to evidence that: 1) is material and not merely cumulative; 2) was not discoverable before trial through the exercise of reasonable diligence; and 3) would probably have changed the outcome of the trial." *In re Reading Broad., Inc.,* 386 B.R. 562, 567 (Bankr. E.D. Pa. 2008) (citing *Compass Technology, Inc. v. Tseng Laboratories, Inc.,* 71 F.3d 1125, 1130 (3d Cir. 1995)).

In an attempt to disparage Chadwell's mortgage—and do the same to their own title—for the first time the Powers now offer a deed (Doc. 389, Exhibit B) that was outside the chain of title to the mortgaged property. The details of the deed are discussed at greater length, *infra*. For purposes of reconsideration under Rule 9023, the belated deed proves nothing, is immaterial, and has no probative value with respect to the issues decided by the court in the § 1301 Order. But even if it did, the Powers stated they found this deed, recorded in 2004, during a recent search of the county probate records. It was readily discoverable well before the § 1301 Order was entered, and thus it is now too late to offer the deed as evidence in any event.

C. <u>Motion to Stay Pending Appeal (Doc. 379)</u>.

"A stay pending appeal is an 'extraordinary remedy' and the party seeking it must show: '(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.'" *In re Woide*, 730 Fed. Appx. 731, 737 (11th Cir. 2018), *petition for cert. docketed (U.S. Aug. 27, 2018) (No. 18-244)* (quoting *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000)). The legal standard for granting or denying a stay pending appeal has been described as the same as that for granting a preliminary injunction. *In re Forty–Eight Insulations, Inc.,* 115 F.3d 1294 (7th Cir. 1997). The movant has the burden of proving each element, but the court may give greater weight to any of the elements in its discretion depending upon the circumstances of the case. *In re Charter Co.*, 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987).

In their request for a stay pending appeal, the Powers essentially argue two grounds: (1) that Chadwell is not a creditor and is not entitled to adequate protection;[6] and (2) the related argument that Gweneth's previous chapter 7 discharge divested this court of jurisdiction and the Powers' due process rights would be violated by allowing foreclosure of the allegedly fraudulent mortgage. Each of these arguments was addressed not only in the § 1301 Order, but also by the district court (Doc. 326) on appeal of the Code § 362 stay relief order. Nothing has changed. The Powers' arguments are the same. For the reasons stated in the § 1301 Order, the court finds

---

[6] In their earlier bankruptcy cases, the Powers listed Chadwell as an undisputed secured creditor. *See* schedules filed in Case Nos. 09-07140; 11-01050; and 14-04766. Chadwell was listed as a secured creditor in Gweneth's instant case, holding an unliquidated and disputed claim. Conceding nothing, Gweneth listed the claims of all her creditors—secured, priority, and unsecured—as unliquidated, disputed, or contingent. She also proposed to pay Chadwell's mortgage in her earlier, preconfirmation plans, but her confirmed plan proposed to pay nothing to Chadwell.

- 5 -

Case 15-03267-JJR13    Doc 394    Filed 10/15/18    Entered 10/15/18 11:08:53    Desc
Main Document    Page 5 of 11

no likelihood of success on the merits.

As has been their wont throughout their bankruptcy cases, the Powers obfuscate simple facts and issues in an effort to send the court and creditors chasing red herrings that will allow the Powers to extend the nine-year moratorium they unilaterally declared on payments to Chadwell. They again attack Chadwell's status as a creditor and the validity of the mortgage on grounds that were rejected by the court in the § 1301 Order. In fact, the Powers listed Chadwell as a creditor in schedules filed under oath in each of their respective cases since they signed the mortgage in October 2009, including the instant case. Code § 101(10) defines a "creditor" as an "entity that has a claim against the debtor" or "against the estate," and Code § 101(5) defines a "claim" as "a right to payment, whether or not such right is . . . liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." Thus, Chadwell is unquestionably a "creditor" that has a "claim"—albeit, according to the Powers, a disputed claim—against Anthony[7] and against the mortgaged property—property that is part of Gweneth's bankruptcy estate. *See Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017) (determining that an unenforceable claim, including one subject to a statute of limitations affirmative defense, is nonetheless a "claim" under the Bankruptcy Code, citing *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991) as further support for the idea that Congress intended the "broadest available definition of 'claim'")).

The Powers are no doubt concerned that their nine-year, mortgage-payment-free lifestyle

---

[7] Chadwell no longer can pursue a claim for payment directly against Gweneth because her personal liability was discharged in an earlier chapter 7 case (case no. 11-03610), but Chadwell's mortgage continues to be a claim against Gweneth's interest in the mortgaged property—property of her bankruptcy estate. Anthony, too, could have received a discharge of his personal liability in an earlier chapter 7 case (case no. 14-04766) but for strategic reasons, Anthony allowed that case to be closed without a discharge because he failed to take the short and simple mandatory financial management course.

is about to come to an end now that there is no bankruptcy stay of any sort prohibiting Chadwell from foreclosing its mortgage. But that concern does not constitute a potential irreparable injury or substantial harm in the absence of a stay pending appeal. This bankruptcy court cannot foreclose Chadwell's mortgage; that chore is left to a state court.[8] On the other hand, if the § 1301 Order is stayed, Chadwell will be substantially harmed by suffering even more delay in exercising its rights against the mortgaged property while receiving no payments. The public interest is not impacted, aside from the interest of the public in ensuring that the bankruptcy process functions as intended, efficiently and fairly, and is not used as a sword rather than a shield by debtors, such as the Powers, who have acted in bad faith (as the court has found and chronicled repeatedly in this case as well as Anthony's most recent prior case and in Gweneth's judge-shopping adversary proceedings). Accordingly, the court finds no good cause or grounds for a stay pending appeal and the Motion to Stay Pending Appeal (Doc. 379) is due to be DENIED.

D. <u>Motion for Order Declaring Mortgage Lien Invalid (Doc. 389)</u>.

This motion (the "Mortgage Motion") again attacks Chadwell's mortgage by disparaging the Powers' own title. During the September 26th hearing, in response to an inquiry by the court, the Powers stated that their Mortgage Motion was intended to support both their Motion to Alter or Amend (Doc. 372) and Motion to Stay Pending Appeal (Doc. 379), and was also intended to be a stand-alone contested matter challenging the validity of Chadwell's mortgage.

---

[8] The mortgage does not contain the usual self-help power of sale. (*See* Exhibit A to Doc. 319.) Thus, it must be judicially foreclosed in a state court action.

As mentioned above,[9] in support of their Rule 9023 request for relief, the Powers for the first time asked the court to consider as evidence a 2004 deed outside their chain of title. The Powers argue that the use of a nick name by the attorney-in-fact who signed their deed was insufficient to convey title to the mortgaged property. They further contend that because their deed is invalid, it follows that the mortgage they gave to Chadwell must likewise be invalid—an argument that, if accepted, is the legal equivalent of cutting off your nose to spite your face. The extraneous deed was proffered in an attempt to show that the attorney-in-fact who signed the Powers' deed did so by using what the Powers contend was his nick name—"Drew Gambacurta"—rather than what they contend was his full name—"Anthony Andrew Gambacurta." The Powers ignore that the power-of-attorney identified the attorney-in-fact who signed their deed as "Drew Gambacurta."[10] Moreover, the Powers offer no evidence that Drew Gambacurta is the same person as Anthony Andrew Gambacurta. The proffered deed is unrelated to the mortgaged property and identifies Anthony A. Gambacurta as the grantee therein. The deed only states the grantee's middle initial; there is no mention of his full middle name (which may or may not be Andrew). Even ignoring those evidentiary gaps, the Powers' factual allegations regarding Mr. Gambacurta's name, even if accepted as true, change nothing.

The Powers accurately quote § 35-4-20 of the Code of Alabama, which states in part, "Conveyances for the alienation of lands must be . . . signed." However, they cite no authority for the proposition that signing one's nick name is insufficient to satisfy the statutory requirement that conveyances be signed. The Uniform Commercial Code ("UCC") is principally applicable to personal property matters. Nonetheless, § 7-1-201(37) of the Alabama UCC is

---

[9] *See* note 5, *supra*.

[10] The Powers attached copies of the 2004 extraneous deed and the power of attorney to their Mortgage Motion.

persuasive, if not controlling: "'Signed' includes using any symbol executed or adopted with present intention to adopt or accept a writing." The Official Comments to § 7-1-201(37) provide that "[t]his provision also makes it clear that a complete signature is not necessary. The symbol may be printed, stamped or written; it may be by initials or by thumbprint. . . . No catalog of possible situations can be complete and the court must use common sense and commercial experience in passing upon these matters. The question always is whether the symbol was executed or adopted by the party with present intention to adopt or accept the writing." If this court were deciding the issue, it would hold that Section 35-4-20 of the Alabama Code, requiring conveyances to be "signed," was satisfied when Drew Gambacurta signed the Powers' deed to the mortgaged property as attorney-in-fact for the grantor, even if "Drew" was his nick name.

This court considers the Powers' arguments regarding Mr. Gambacurta's signature to be another red herring offered up for a chase, but if there is to be a chase, it will not include this court. The state court that presides over the foreclosure action will have to decide for itself whether or not to take the bait and join the fray.

Accordingly, the belated deed proves nothing, is immaterial, and has no probative value with respect to the § 1301 Order, which was controlled entirely by the singular and dispositive fact that the Chadwell mortgage is not provided for in Gweneth's chapter 13 plan. Additionally, the deed is not "newly discovered" evidence as discussed above, and thus fails to support the Rule 9023 Motion to Alter or Amend or the Motion to Stay Pending Appeal.[11]

---

[11] In the event the extraneous deed were treated as "newly discovered," it would not change the outcome. *See In re Keeley & Grabanski Land Partnership,* 832 F.3d 853 (8th Cir. 2016) (bankruptcy court did not abuse its discretion when it denied Rule 9023 motion based on newly discovered evidence because such evidence would not change its findings).

- 9 -

Case 15-03267-JJR13   Doc 394   Filed 10/15/18   Entered 10/15/18 11:08:53   Desc
Main Document    Page 9 of 11

If the Mortgage Motion is treated as a stand-alone contested matter or a procedurally flawed adversary proceeding, it is still due to be denied. First, under Rule 7001(2), "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" must be pursued as an adversary proceeding, not as a contested matter brought by motion under Rule 9014. But even ignoring the procedural flaw, the Mortgage Motion is due to be denied. The automatic stays imposed in this case under Code § 362 as to Gweneth and the estate, and under §1301 as to Anthony, have now been lifted and the lifting of the stay under § 362 has now been affirmed by the district court. The Chadwell mortgage is not provided for in Gweneth's confirmed plan. Therefore, the issues raised by the Powers with respect to the mortgage and its foreclosure will have no impact on the success or failure of Gweneth's case. It is virtually certain that the claims and defenses asserted by the Powers with respect to the mortgage will ultimately be decided by a state court when Chadwell seeks to foreclose. In the interest of justice and comity with the state court, this bankruptcy court finds it should abstain from hearing those claims and defenses, and any other claims that are in the nature of a Rule 7001(2) adversary proceeding with respect to Chadwell's mortgage.[12]

Accordingly, to the extent the Mortgage Motion is intended to support the other two Motions or seeks the same relief sought by the other Motions, it is due to be DENIED; otherwise, the court abstains.

E. <u>Conclusion and Order</u>.

For the reasons stated above, it is ORDERED that the (i) Motion to Alter or Amend (Doc. 372), as supplemented (Doc. 376), (ii) the Motion to Stay Pending Appeal (Doc. 379), and (iii) the Motion for Order Declaring Mortgage Lien Invalid (Doc. 389), to the extent it seeks the same

---

[12] 28 U.S.C. § 1334(c)(1).

relief as the other two Motions or is offered in support thereof, are DENIED; and (iv) the court abstains from hearing the merits of the Motion for Order Declaring Mortgage Lien Invalid (Doc. 389) to the extent it advocates a contested matter or is intended to be an adversary proceeding under Rule 7001.

It is further ORDERED that (i) with the entry of this Order, the Powers' appeal from the § 1301 Order to the district court may proceed but without any stay unless the Powers seek and are successful in obtaining a stay from the district court; and (ii) while the district court appeal is pending without a stay, Chadwell may proceed in state court to judicially foreclose its mortgage, and following foreclosure, Chadwell or whomever the successful bidder is may acquire the mortgaged property at foreclosure and may pursue an action to gain possession from the Powers by ejection or other process.[13]

Done and ordered this 15th day of October 2018.

/s/ James J. Robinson
JAMES J. ROBINSON
Chief U.S. Bankruptcy Judge

---

[13] "But as the Bankruptcy Court correctly pointed out, the question of whether [the mortgagee holds a valid lien] is one for the state court to decide. Indeed, it has long been settled that 'the determination of property rights in the assets of a bankrupt's estate [is left] to state law.'. State law defines and creates property interests. 'Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' This applies 'with equal force to security interests' like the secured-creditor claim [the debtor raises] today." *In re Tucker*, --- Fed. Appx. ---, 2018 WL 3861350, at *3 (11th Cir. Aug. 14, 2018) (quoting *Butner v. United States*, 440 U.S. 48, 54 (1979) (internal citations and pinpoints omitted))). Furthermore, "[w]hen a debtor fails to obtain a stay pending appeal of an order granting a creditor relief from the automatic stay and allowing that creditor to foreclose on the debtor's property, a completed foreclosure and sale of the property will render any appeal moot, as [the court on appeal] is powerless to rescind the completed sale on appeal." *In re Meus*, 718 Fed. Appx. 937, 941 (11th Cir. 2018).